UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES MARVIN,

    Petitioner,

    v.

DEPARTMENT OF CORRECTIONS AND REHABILITATION, AND ANTHONY KANE, Warden,

    Respondents.
                                           /

No. C 06-4958 MHP

**ORDER TO SHOW CAUSE**

## INTRODUCTION

    Petitioner, a California prisoner now incarcerated at the Correctional Training Facility in Soledad, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2254. His petition is now before the court for review pursuant to 28 U.S.C. section 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

    Petitioner challenges a prison disciplinary decision which resulted in a finding that petitioner violated California Code of Regulations section 3005(a) by attempting to undermine the Catholic Chapel Program at the California Men's Colony where petitioner was incarcerated. Petitioner received a rules violation report and was found guilty after a hearing. Petitioner alleges that, as a result of this decision, petitioner was placed in administrative segregation for several months, was transferred to a more remote facility without "lifer" programs, and was precluded from favorable

consideration for parole. Petitioner contends that his right to due process was violated because petitioner was not allowed to present requested witnesses; petitioner was not provided important documents; petitioner was deprived of the effective assistance of an investigative employee; petitioner was given inadequate notice of the charges and evidence against him; the finding of guilt relied upon unreliable evidence; and the evidence was insufficient to support a finding of guilt. Petitioner now seeks to vacate the disciplinary decision and to dismiss the disciplinary charges. Petitioner has adequately alleged exhaustion of his state court remedies as to the claim he now raises.

LEGAL STANDARD

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990), cert. denied sub nom. Hendricks v. Calderon, 517 U.S. 1111 (1996).

DISCUSSION

Transfer from one state institution to another does not, without more, invoke the protections of the Due Process Clause. Meachum v. Fano, 427 U.S. 215, 225 (1976). Confinement to administrative segregation, without more, likewise does not invoke the Due Process Clause. Sandin v. Conner, 512 U.S. 472, 485 (1995). However, an inmate in California does have a liberty interest in parole protected by the Due Process Clause. Biggs v. Terhune, 334 F.3d 910, 914–15 (9th Cir. 2003). The process due in a prison disciplinary proceeding that affects the duration of an inmate's sentence includes: (1) written notice of the charges; (2) at least a brief period of time after the notice

2

to prepare for the hearing; (3) a written statement by the fact-finders as to the evidence relied on and reasons for the disciplinary action; (4) allowing the inmate to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (5) aid from a fellow inmate or staff member where an illiterate inmate is involved or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case. See Wolff v. McDonnell, 418 U.S. 539, 564–70 (1974). The findings of the prison disciplinary board must be supported by "some" evidence. Superintendent v. Hill, 472 U.S. 445, 454 (1985). And there must be some indicia of reliability of the information that forms the basis for prison disciplinary actions. See Cato v. Rushen, 824 F.2d 703, 704–05 (9th Cir. 1987).

Petitioner's allegations that he was denied due process are not patently frivolous. The due process claims require an answer from the respondent. See Hendricks, 908 F.2d at 491.

CONCLUSION

For the foregoing reasons,

1. Petitioner's due process claim is cognizable.
2. The Clerk of the Court shall serve by certified mail a copy of this Order and the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on petitioner.
3. Respondent must file with this Court and serve upon the petitioner, no later than **sixty (60) days** after the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer a copy of all portions of the state trial record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

//
//

1  //

3      4.      If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondent no later than **ninety (90) days** after the date of this order.

IT IS SO ORDERED.

Date:  Dec. 27, 2006

*[signature]*

MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California